IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN FITZGERALD BRACKEN | § | |
| VS. | § | CIVIL ACTION NO. 1:16cv381 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant John Fitzgerald Bracken, a federal prisoner, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the motion to vacate be denied and dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation.

The court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes movant's objections should be overruled.

Petitioner objects that he was convicted of conspiracy to commit Hobbs Act robbery instead of being convicted of the substantive offense of Hobbs Act robbery. Accordingly, petitioner contends his conviction is no longer valid in light of *United States v. Davis*, __ U.S. __, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019). In support of his position, petitioner attached a copy of the docket sheet from his criminal case.

A review of the judgment in petitioner's criminal case, however, reveals petitioner was convicted of Count 2 of the Second Superseding Indictment for the substantive offense of "Affecting Commerce by Means of Robbery," in violation of 18 U.S.C. § 1951 and Count 3 for the offense of

1

"Carrying a Firearm During and in Relation to a Crime of Violence," in violation of 18 U.S.C. § 924(c).  *See United States v. Evans*, Criminal Action No. 1:98cr6-2, Docket Entry No. 97 (E.D. Tex. 2007).  Count 1 of the Second Superseding Indictment, which charged petitioner with conspiracy to affect commerce by means of robbery, was ultimately dismissed upon motion by the Government.  *Id.*  Further, the Presentence Investigation Report clarifies that petitioner was charged with the substantive offense of affecting commerce by means of robbery in Count 2 and conspiracy to affect commerce by means of robbery in Count 1 of the Second Superseding Indictment.  *See Evans*, Criminal Action No. 1:98cr6-2, Docket Entry No. 86 at *5.  Petitioner appears to rely on an inadvertent clerical error on the criminal docket sheet, not the judgment against him.  Therefore, petitioner's objections are without merit.

Additionally, movant is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the movant need not establish that he should prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason.  The factual and legal questions advanced by movant are not novel and have

2

been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  Therefore, movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Accordingly, a certificate of appealability shall not be issued.

### O R D E R

Accordingly, movant's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the 3  day of **September, 2020.**

Thad Heartfield
United States District Judge